### NEELEY v. ERIE R. CO.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES.

   In an action for injuries through an ejection from a train in Broome county, where the main contention was whether plaintiff was in fact ejected 'from the train, upon which all the witnesses, except plaintiff, resided either in Broome county or upon the line of defendant's railroad, and the condition of plaintiff before and after the accident, as to which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

he had nineteen witnesses, comprising a doctor residing in Warren county, and the rest in Saratoga county, could be shown by the doctor and one or two other witnesses, it was error to refuse to change the place of trial from Saratoga to Broome county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 76; Dec. Dig. § 52.*]

2. VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES—EMPLOYÉS OF PARTY.
The court may consider the convenience of employé witnesses in determining where the trial shall be held, though their convenience will be less considered than the convenience of witnesses who are not connected with the parties.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 76; Dec. Dig. § 52.*]

Cochrane, J., dissenting.

Appeal from Special Term.

Action by Albert M. Neeley against the Erie Railroad Company. From an order denying a change of place of trial, defendant appeals. Reversed, and motion granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

Lyon & Painter (H. Fred Lyon, of counsel), for appellant.
Jenkins, Kellogg & Barker (J. H. Barker, of counsel), for respondent.

SMITH, P. J.   In September, 1908, the plaintiff shipped a car load of cattle from Ft. Edward, N. Y., to Buffalo, by way of the Delaware & Hudson Company and the defendant's roads. He paid the freight and took a receipt, which he claims entitled him to ride upon the train upon which the cattle were taken. When he got to Binghamton, he alleges that the employés of the defendant forcibly ejected him from the train while the train was in motion, and thereby caused him injury for which he has here sued to recover damage. The venue was laid in Saratoga county, where plaintiff resides, and the defendant has made this motion to change the place of trial to the county of Broome.

The defendant claims 24 witnesses for whose convenience they ask this change. Seven of these witnesses reside in Steuben county, fourteen in Broome county, two in Erie county, and one in Wyoming county. The plaintiff, on the other hand, claims 19 witnesses, 18 of which reside in Saratoga county, and one in Washington county. Of the plaintiff's 19 witnesses, the doctor who, it is claimed, will swear to the plaintiff's injuries, resides in Warren county. The other witnesses are simply neighbors and friends who will testify that prior to the date of the alleged injury the plaintiff was apparently a well man, while afterwards he appeared to be a man who had been disabled and crippled. The defendant's witnesses, a number of them, will swear that they were upon the train from which this plaintiff alleges he was ejected, and they all will swear that they have no knowledge of any such ejection of plaintiff. A number of others swear that they saw the plaintiff after the time of his alleged ejection from the train, and that he appeared perfectly well, and did not appear to have been injured in any way, and made no complaint whatever of any injury. Others swear as to the speed at which the train moved out from the

yard at Binghamton, and it is claimed it was not moving more than two or three miles an hour at the time the plaintiff claims he was ejected therefrom.

Under such conditions, we are of the opinion that the learned judge at Special Term erred in refusing to change the place of trial to the county of Broome. The condition of plaintiff before and after the accident can be shown by the physician and by one or two witnesses, and, if the case be bona fide, it is not a fact to dispute which the defendant can bring witnesses. The main contention is upon the question as to whether the plaintiff was in fact ejected from the defendant's train. Upon that contention all the witnesses, except the plaintiff himself, reside either in Broome county or upon the line of the defendant's road. All the witnesses who were trainmen upon this trial will necessarily be sworn. The witnesses who saw the plaintiff after the time that he alleges he was ejected, and to whom he made no complaints, are all of them very material witnesses, as it is very unlikely the plaintiff would then have remained silent if he had received the treatment which he now claims to have received at that time. It is true the plaintiff offers to stipulate that he made no complaint to these various employés of the defendant whom he afterwards saw, and, if this order should stand, it should stand upon the condition that such a stipulation be filed. But the bearing of the plaintiff, his conversation, both what he did and said, are important facts to be shown in defendant's behalf, to which the plaintiff could not stipulate. Again, it is true that most of the defendant's witnesses are its employés. It has never been held that the court will not consider the convenience of employé witnesses in determining where the place of trial should be held. It is undoubtedly true that their convenience will be less considered than the convenience of witnesses who are not in any way connected with the parties. This injury, however, is claimed to have occurred in Broome county. Upon the main point of contention all of the witnesses, except the plaintiff, reside there or within easy access. The ends of justice would in our judgment be promoted by requiring that this action be tried in Broome county. The order should, therefore, be reversed without costs and the motion granted, with costs to defendant to abide the event of the action.

Order reversed without costs, and motion granted, with $10 costs to defendant to abide the event of the action. All concur, except COCHRANE, J., who dissents.